26476. BRIGGS v. SOUTHERN BAKERIES COMPANY.

Argued April 14, 1971—Decided June 2, 1971.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Winston H. Morriss,* for appellant.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Holcombe T. Green, Jr.,* for appellee.

MOBLEY, Presiding Justice. This appeal by James S. Briggs, in his equitable action against Southern Bakeries Company, is from the denial of his application for temporary injunction, and motion to determine that the action is a class action, and from the granting of the defendant's motion for summary judgment on all counts of the plaintiff's complaint.

The plaintiff brought his original action in three counts, and designated it as an action on behalf of himself and all other holders of described debentures issued by the defendant. He alleged in Count 1 that: He is the holder of $40,585 in face amount of these debentures. The defendant has failed to pay the interest due on the debentures since October 1, 1962, which makes them matured and payable under their terms. The plaintiff has demanded payment, but no payment has been made. The debentures do not mature so long as any of the defendant's described first mortgage bonds are unpaid, and interest on the debentures is not payable unless conditions are met under the trust indenture executed in connection with these bonds. The defendant's assets are pledged to secure the bonds. The bonds were owned by Jefferson Standard Life Insurance Company, which company required that when the defendant sold non-operating property, the proceeds must be applied to the payment of the bonds. In 1968, in order to divert the proceeds received from the sale of property from that use, the defendant entered into an agreement with the First National Bank of Atlanta, whereby the Bank purchased the bonds. Thereafter the

Bank has allowed the proceeds from the sale of non-operating plants and other assets of the defendant to be used for purposes other than the reduction of the bonds, and the defendant's assets are being dissipated.

Count 2 alleged that: Under the terms of the assignment of the bonds, the defendant was required to maintain a cash deposit with the Bank in an amount equal to the amount of the bonds. If the defendant complied with this requirement, the bonds would be paid. This requirement creates the illusion that the bonds are unpaid in order to prevent the debentures from maturing, and the plaintiff is entitled to recover the principal and accrued interest on his debentures.

Count 3 alleged that the defendant arranged the transfer of the bonds to the Bank to prevent them from being paid in full to Jefferson Standard, which would have resulted in the maturity of the debentures.

The plaintiff demanded judgment as follows: (a) That his debentures be declared matured and the defendant be directed to pay the principal and interest due thereon; (b) that pending payment of the principal and interest due on the debentures, the defendant be restrained and enjoined from using the proceeds of the sale of any non-operating property for any purpose other than to reduce the bonds; (c) that the funds of the defendant in the First National Bank be applied to pay the bonds; and (d) for other and further relief.

Counts 4 and 5 were added by amendment. Count 4 alleged conflicts of interest as to stockholders, officers, and directors of the defendant, which are alleged to be endangering the defendant's ability to pay the debentures. Count 5 alleged that: From 1962 until July, 1970, the defendant paid no interest on the debentures, claiming that they had not matured as to principal or interest because of provisions therein. After the institution of this action, the defendant paid the accrued interest on the debentures to all the holders thereof from the proceeds of the sale of its Miami plant. The payment was the direct result of this lawsuit. This has inured to the benefit of all debenture holders, and the plaintiff is entitled to recover reasonable attorney's fees of the defendant.

After considering depositions, answers to interrogatories, and

affidavits, the trial judge entered summary judgment for the defendant, and denied the plaintiff's application for injunction and motion to declare the action a class action.

1. The plaintiff asserts that an issue of fact was made as to whether there was a fraudulent transfer of the mortgage bonds of the defendant from Jefferson Standard to the First National Bank for the purpose of delaying the plaintiff and other debenture holders in the collection of the debt evidenced by their debentures.

The plaintiff asserts that the defendant was required by the First National Bank, as a condition for the transfer of the bonds, to have a compensating balance on deposit in the Bank sufficient to pay the bonds, and that the defendant deliberately delayed the payment of the bonds because the debentures cannot mature, nor can interest on them be demanded, while the bonds are outstanding.

The defendant showed that the reason for the transfer of the bonds was that Jefferson Standard would not release property in Washington, D. C., which the defendant desired to sell, from the lien of the mortgage bonds unless the entire purchase price be applied to the prepayment of the bonds. Since only a part of the purchase price was to be paid in cash, the defendant was not in financial position to apply the entire purchase price on the payment of the bonds.

The defendant admitted that at the time of the transfer of the bonds from Jefferson Standard to the First National Bank the defendant would have been in disastrous financial position if the mortgage bonds had been paid in full, thus accelerating the maturity date of the debentures, because the defendant did not have funds with which to pay the debentures.

The plaintiff in his deposition stated that he knew of no fraud by the defendant in the transfer of the bonds. He asserts in his argument in this court that the transfer was void under Code § 28-201 (2), because it was for the purpose of delaying the maturing of the debentures. He relies on Monroe Mercantile Co. v. Arnold, 108 Ga. 449 (1) (34 SE 176), wherein it was held: "A substantial right of the creditor is involved in the time of performance by the debtor of his contract, and the debtor who attempts to postpone the time of payment endeavors to deprive his creditor of a valuable right, and thereby perpetrates a legal fraud,

it matters not what his motive may be in such act."

The case of *Monroe Mercantile Co. v. Arnold,* supra, is not in point on its facts with the present case. The obligations to the creditors in that case had matured. In the present case the debentures held by the plaintiff do not mature until 1989, unless sooner maturing by reason of default in the payment of interest, and by their terms they are subordinated to the mortgage bonds. The plaintiff acquired his debentures in the year 1966 and in later years, knowing that interest had not been paid since 1962.

The evidence showed without dispute that the defendant is solvent; that the last of the mortgage bonds do not mature until 1972; and that the principal and interest due on the bonds has been paid. A court of equity will not require the defendant to pay the bonds prior to their maturity date in order to accelerate the due date of the debentures held by the plaintiff. The defendant had a right to exercise its discretion in failing to pay the bonds prior to their due date, and the evidence completely fails to show that the transfer of the bonds from Jefferson Standard to the First National Bank was void.

2. The plaintiff asserts that an issue of fact was made as to whether the first mortgage bonds, to which his debentures were subordinated, had actually been paid. This contention is based on the fact that the First National Bank, at the time of the transfer of the bonds to it from Jefferson Standard, required the defendant to keep on deposit with the Bank an amount equal to the amount owed on the bonds.

The evidence showed that the defendant used its deposits with the Bank for its current operating expenses. Its average deposit has not equaled the amount required by the Bank, and the Bank has waived this requirement. The payments on the bonds held by the Bank are current, and the defendant is solvent. While a bank may set off a matured debt due it by a depositor against the depositor's account (*Bank of Lawrenceville v. Rockmore & Co.,* 129 Ga. 582 (2) (59 SE 291)), no facts appear from the evidence which would authorize the Bank to apply the deposits of the defendant to the unmatured bonds held by the Bank.

The defendant is a solvent company and it is the duty of its directors to manage its assets for the benefit of its stockholders.

The directors were authorized to exercise their discretion in refusing to pay the mortgage bonds prior to their due date.

The evidence did not make an issue of fact as to whether the bonds had been paid.

3. The plaintiff contends that it was error to refuse to enjoin the defendant from applying the proceeds of the sale of mortgaged properties for purposes other than reducing the balance due on the bonds.

The defendant has sold several of its plants. The purchase price in some instances has been applied to the payment of the mortgage bonds, and in some instances the holders of the bonds, both Jefferson Standard and the First National Bank, have authorized the release of the property without requiring that the funds received from the sale be applied to the payment of the bonds.

The plaintiff is an unsecured debenture holder. He has no right to enjoin the defendant from utilizing funds received from the sale of property mortgaged to secure bonds for purposes other than paying the bonds. This is a matter between the defendant and the mortgage holder. It was also a matter between the defendant and the holder of the mortgage bonds as to whether the proceeds of life insurance on the life of a former president of the defendant were required to be applied on the bonds.

4. The plaintiff asserts that an issue of fact was made as to whether interlocking interests between the defendant and the First National Bank, and conflicts of interest of stockholders, officers, and directors of the defendant, damaged the plaintiff, and provided the motive for the transfer of the mortgage bonds.

As held in Division 1, the evidence does not show that the transfer of the mortgage bonds was void. The plaintiff is not a stockholder of the defendant, and he has no standing to inquire into the policies of the defendant which may not be beneficial to the stockholders, but which have not delayed the collection of his debt beyond the maturity date.

5. The plaintiff has failed to show that he has a claim against the defendant, and the trial judge did not err in failing to order the action to proceed as a class action.

6. The plaintiff contends that the court should have allowed him attorney's fees because the payment of the interest to the deben-

ture holders was the result of his action. On the contrary, he has argued in his briefs that the money used to pay the interest, which was paid to the defendant in the condemnation of its Miami plant, should have been applied on the mortgage bonds.

The record fails to show that the plaintiff is entitled to recover attorney's fees.

*Judgment affirmed. All the Justices concur.*